———o———

5539.

(Court of Appeal, Parish of Orleans).

## QUAKER REALTY COMPANY, Limited, vs. WILLIS O'ROURKE.

1. The appointment of a *curator ad hoc* to represent a former proprietor in a confirmation suit under Act 101 of 1898 is unauthorized and of no effect, unless it appears that his identity or

— 237 —

residence could not be ascertained by the use of reasonable diligence and inquiry.

2. A tax sale is null and is not cured by the Constitutional prescription of three years where it is impossible to identify the property intended to be assessed and sold.

Appeal from the Civil District Court, Division "E."

W. W. Wall, for plaintiff and appellant.

W. S. Parkerson, defendant and appellee.

GODCHAUX, J.—In this petitory action wherein plaintiff's title is traced to an adjudication to the State for taxes, the first question involved is whether or not a certain judgment in plaintiff's favor confirming the tax title under Act 101 of 1898, is of such force and effect as res adjudicata as to preclude inquiry into the merits of the attack which has been made upon the tax adjudication.

In the confirmation suit a **curator ad hoc** was appointed to represent the former owners upon the ground that their residence was unknown. James Conner, the owner at the time of the tax adjudication, never sold the property during his life and at his death left as his sole heir, Margaret Conner, his daughter, who, though residing in this city when the confirmation proceedings were instituted, was not made party thereto otherwise than through the **curator ad hoc** as aforesaid. It is upon this defect in the proceedings, namely, the failure to properly cite the former owner, Margaret Conner, that defendant relies to establish his contention that the judgment of confirmation is not **res judicata** and will not preclude inquiry into the validity of the tax title.

Ordinarily the fact that the succession of James Conner was never opened and that his sole heir, Margaret

— 238 —

Conner, changed her name by her marriage to William Dowling, might make it impossible, or at least difficult, to ascertain through the customary channels of information the identity or whereabouts of the former proprietors—but in the present case the record fails to contain the slightest indication of any effort on plaintiff's part to secure information upon this subject; and, moreover, it is affirmatively disclosed that by the simple and ordinary expedient of visiting or inquiring at the property itself, plaintiff could have secured the required information from defendant, who was in physical and actual possession under an unrecorded deed which Margaret Conner Dowling had recently executed in his favor.

Upon these facts the appointment of a **curator ad hoc** was not authorized under the provisions of Act 101 of 1898, for the identity or residence of the former proprietor cannot be said to be "unknown" when both identity and residence could have been readily established by the use of reasonable diligence or by resort to the ordinary means of inquiry.

See **Cronan vs. Cochran, 27 Ann., 120.**

As to the validity of the tax title, defendant contends that it is null and that it is not cured by the constitutional prescription of three years because the description in the assessment rolls was insuffcient to identify the property.

The property was assessed and adjudicated as belonging to "James K. Connor," being described as "a lot" measuring 32 feet front on Prieur Street by 120 feet in depth, in the square bounded by Prieur, Johnson, Clio and Calliope Streets. The real owner, as heretofore stated, was "James Conner" and the property he owned was "Lot No. 9" in said square, having the same frontage on Prieur Street and the same depth as the lot

described upon the assessment rolls as the property of "James K. Connor."

It is true that a description is not necessarily insufficient because the number of the lot is omitted or because the name of the tax debtor is not correctly stated, for facts and circumstances may be supplied which would make it possible to identify the property, notwithstanding these deficiencies. For example, the description on the assessment in the present instance might perhaps be considered sufficient if it were proved that "James Connor" owned no lot in that square but "Lot 9," or that "James K. Connor" owned no property whatever in that square or that no one but "James Conner" owned a lot of those dimensions fronting on Prieur Street in that square.

Such a state of facts is not here presented, but on the contrary the record discloses that practically all the lots fronting on Prieur Street have a width of 32 feet and a depth of 120 feet, and there is no proof that "James Conner" did not own others of these lots than Lot 9, nor any proof that "James K. Connor" owned no lots in that square. Under these circumstances the description is inadequate, for it is impossible for the Court to hold that the property intened to be assessed and sold was that of "James Conner" and not that of the party in whose name the assessment was made.

The judgment below was one of absolute dismissal, but the Court considers that the record justifies one of non-suit only.

The judgment below is accordingly amended and it is now ordered and decreed that plaintiff's suit be dismissed as in case of non-suit at its cost in both Courts.

Judgment amended.